Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| OMAR E. DÍAZ ORTEGA y otros<br>Recurridos<br><br>v.<br><br>MUNICIPIO DE SAN JUAN y otros<br>Recurrente<br><br>v.<br><br>MR CONDADO OPORTUNITY<br>ZONE FUND LLC y otros<br>Tercero Demandado | KLCE202500114<br><br>cons. con<br><br>KLCE202500137 | *Certiorari*<br>procedente del<br>Tribunal de<br>Primera Instancia,<br>Sala de San Juan<br><br>Caso Núm.<br>SJ2022CV03085<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Juez Ponente, Adames Soto

## **SENTENCIA**

En San Juan, Puerto Rico, a 23 de mayo de 2025.

Comparece ante nosotros Viejo Construction LLC (Viejo Construction) y One Alliance Insurance (One Alliance) mediante recurso de *certiorari,* al cual se le asignó el alfanumérico KLCE202500114. Este fue consolidado con el recurso de *certiorari* KLCE202500137 presentado por Mr. Condado Opportunity Zone Fund, LLC (Mr. Condado). Nos solicitan que revoquemos dos *Resoluciones* emitidas por el Tribunal de Primera Instancia, Sala de San Juan (TPI), el 9 de enero de 2025. Mediante los aludidos dictámenes el foro primario declaró *No Ha Lugar* las mociones de sentencia sumaria parcial por prescripción presentadas por las aquí peticionarias, concluyendo que la causa de acción instada contra cada una de ellas no se encontraba prescrita.

Evaluados los asuntos presentados, determinamos expedir y confirmar la denegatoria de ambas peticiones de sentencia sumaria por prescripción emitida por el TPI.

NÚMERO IDENTIFICADOR

RES2025_____

## I. Resumen del tracto procesal

Por hechos alegadamente acaecidos el 23 de abril de 2021, el 22 de abril de 2022 el Sr. Omar E. Díaz Ortega (señor Díaz Ortega), el Sr. Jose Luis Santiago Burgos (señor Santiago Burgos) y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, parte recurrida) presentaron una *Demanda* en daños y perjuicios contra el Municipio de San Juan (Municipio), Burrito Social LLC (Burrito Social), Óptima Seguros (Aseguradora) y X, Y y Z. En esta, alegaron que sufrieron daños como consecuencia de la caída del señor Díaz Ortega mientras caminaba por la acera frente al negocio conocido como "Burrito Social" en la Avenida Ashford, en San Juan. Sostuvo que el accidente ocurrió como consecuencia de que en el piso de la acera había pedazos de madera y arena, clavos y materiales de construcción, por lo que no estaba apta para el paso de peatones.

El 11 de mayo de 2022 Burrito Social presentó su *Contestación a la Demanda* en la cual negó las imputaciones de responsabilidad o negligencia en su contra. Similarmente, el 14 de junio de 2022 el Municipio de San Juan compareció mediante *Contestación a Demanda* negando su responsabilidad. No obstante, levantó como defensa afirmativa que la acera no estaba bajo su jurisdicción.

El 29 de julio de 2022 el Municipio de San Juan y Óptima Seguros presentaron una *Demanda contra Terceros* en contra de Mr. Condado Opportunity Zone Fund, LLC (Mr. Condado) por ser el propietario del edificio localizado en la Ave. Ashford al cual le estaba haciendo mejoras. También, incluyeron como terceros demandados a Contratista X, por desconocerse el nombre del contratista que estaba realizando las mejoras o trabajos de construcción en la aludida edificación, y a Aseguradoras A y B.

Subsiguientemente, el 27 de octubre de 2022 Mr. Condado compareció a través de una *Contestación a Demanda contra Terceros* en la cual adujo que no era responsable por los daños alegados. También, levantó

como defensa afirmativa la prescripción de la reclamación instada en su contra conforme al precedente de *Fraguada Bonilla v. Hospital Auxilio Mutuo*, 186 DPR 365 (2012).

Luego de varios incidentes procesales, el 21 de febrero de 2023 la parte recurrida presentó una *Solicitud de Enmienda a la Demanda* junto con la *Demanda Enmendada*. Luego, el 7 de septiembre de 2023 la parte recurrida presentó una *Segunda Demanda Enmendada* en la cual incluyó por primera vez a Viejo Construction LLC (Viejo Construction), por ser la corporación que se encontraba realizando los trabajos en el edificio donde ocurrieron los hechos objeto de la reclamación. A su vez, trajo como codemandada a One Alliance Insurance (One Alliance) por ser la compañía aseguradora que tenía una póliza vigente en favor de Viejo Construction.

Al cabo de varios incidentes procesales, el 3 de noviembre de 2023 la parte recurrida desistió de la reclamación en contra de Burrito Social. Ese mismo día el foro primario emitió una *Sentencia Parcial* dando por desistida con perjuicio la causa de acción instada en contra de Burrito Social.

Más adelante, el 21 de noviembre de 2023 Viejo Construction presentó su *Contestación a Segunda Demanda Enmendada* en la cual adujo que no había cometido ningún acto negligente. Añadió que los desperdicios de los trabajos realizados en el interior del edificio eran colocados en bolsas negras y se bajaban directo a sus camiones, por lo que no era responsable por la caída del señor Díaz Ortega. A su vez, alegó afirmativamente que la reclamación en su contra estaba prescrita.

El 22 de abril de 2024 la parte recurrida transigió su reclamación en contra del Municipio y Óptima Seguros. De esta forma, permaneció en el pleito One Alliance, Viejo Construction, y la tercera demandada, Mr. Condado. En esa misma fecha, el TPI dictó *Sentencia Parcial* decretando el cierre y archivo de la reclamación en contra del Municipio y Óptima Seguros.

Posteriormente, el 2 de octubre de 2024 Viejo Construction y One Alliance presentaron conjuntamente una *Moción de Sentencia Sumaria a*

*Tenor con la Regla 36.3 de Procedimiento Civil.* En esta adujeron que, desde el momento de la caída, 23 de abril de 2021, a que la parte recurrida les trajo como codemandadas habían transcurrido dos (2) años y cinco (5) meses. Por lo tanto, sostuvieron que la causa de acción instada en su contra estaba prescrita.

Al día siguiente, 3 de octubre de 2024, Mr. Condado presentó una *Moción Solicitando Sentencia Sumaria Parcial por Prescripción* en la cual solicitó que se desestimara la *Segunda Demanda Enmendada* y *Demanda Contra Terceros* presentada en su contra. Como fundamento para su petición, arguyó que no fue incluido como parte en la *Demanda* original, sino que fue traído como tercero demandado por el Municipio el 29 de julio de 2022. Es decir, ya había transcurrido un (1) año y tres (3) meses desde que ocurrieron los hechos, por lo que la *Demanda Contra Terceros* estaba prescrita. Además, manifestó que no fue hasta el 21 de febrero de 2023, o sea, un (1) año y diez (10) meses de haber ocurrido el accidente, que la parte recurrida presentó la *Solicitud de Enmienda a la Demanda* donde se le incluyó por primera vez como parte demandada. Por lo cual, la *Demanda* enmendada también estaba prescrita.

El 21 de octubre de 2024 la parte recurrida se opuso a la petición de sentencia sumaria presentada por Viejo Construction y One Alliance. En la aludida moción, esbozó que el término prescriptivo de un año, según el Art. 1204 (a) del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9496, comenzó a computarse el 25 de abril de 2023, fecha en la que descubrieron la identidad del contratista responsable.

Al día siguiente, la parte recurrida también se opuso a la petición de sentencia sumaria presentada por Mr Condado. Argumentó que el Municipio presentó la *Demanda contra Terceros* el 29 de julio de 2022 y en esta acumuló a Mr. Condado como codemandado, apenas tres meses después de la *Demanda* inicial. Consecuentemente, debía computarse desde esa fecha el término prescriptivo puesto que desde ese momento el

Municipio reveló la identidad de la corporación dueña del edificio. Por consiguiente, al solicitar la primera enmienda para acumular al pleito como codemandado a Mr. Condado el 21 de febrero de 2023, la causa de acción no estaba prescrita. En la alternativa, sostuvo que desde la *Demanda* original habían sido incluidos como codemandados nombrados bajo el nombre ficticio X, Y, y Z.

El 23 de octubre de 2024 Viejo Construction y One Alliance presentaron una *Réplica a ¨Oposición a Solicitud de Sentencia Sumaria por el Fundamento de Prescripción¨*. Amparados en el caso *Adria Maldonado Rivera v. Carlos Suárez*, 195 DPR 182 (2016), arguyeron que si la reclamación en cuanto a un causante estaba prescrita por no haberse interrumpido la causa de acción a tiempo, ninguno de los cocausantes demandados podían traerlo al pleito para que le respondiera al demandante, como tampoco podían ser traídos como terceros demandados.

El 4 de noviembre de 2024 la parte recurrida presentó una *Dúplica a: "Réplica a Moción en Oposición a Solicitud de Sentencia Sumaria por el Fundamento de Prescripción"* en la cual reiteró su posición en cuanto a que, a tenor con la teoría cognoscitiva del daño, el término para incluirle como parte codemandada comenzó a decursar una vez advino en conocimiento de la identidad de quien le causó el daño. Sostuvo que lo anterior ocurrió mediante la contestación a interrogatorio cursada al Municipio de San Juan. El 6 de noviembre de 2024 el foro primario dio por sometida la controversia.

En cambio, el 12 de noviembre de 2024 Mr. Condado sometió una *Réplica a "Moción en Oposición a Solicitud de Sentencia Sumaria Parcial por el Fundamento de Prescripción".* En el referido escrito, calificó la alegación designando a Mr. Condado con un nombre ficticio como insuficiente para que se entendiera que tuvo un efecto interruptor sobre el término prescriptivo para iniciar la reclamación en su contra. Agregó que la parte recurrente debió hacer constar en la *Demanda* aquellas reclamaciones

específicas contra el demandado de nombre desconocido y el hecho de desconocer el nombre. También, sostuvo que la parte recurrida no presentó una solicitud al amparo de la Regla 15.4 de Procedimiento Civil, *infra*, con el fin de enmendar la demanda nuevamente e incluir a Mr. Condado como cocausante de los daños reclamados.

Entonces, el 2 de diciembre de 2024 la parte recurrida presentó una *Dúplica a "Réplica a Moción en Oposición a Solicitud de Sentencia Sumaria por el Fundamento de Prescripción"* donde arguyó que, al momento de los hechos, no había otro rótulo en el edificio que no fuese el de Burrito Social que le permitiera identificar a Mr. Condado como el dueño del edificio. También, adujo que la obra no tenía el rótulo de permiso de construcción, lo que contribuyó a ocultar la identidad del promovente del proyecto y, en consecuencia, les dificultó identificar al cocausante del daño para incluirlo en la *Demanda* inicial. Por lo cual, tuvo que incluir al propietario del edificio y promovente del proyecto bajo nombre desconocido X, Y y Z, según dispone la Regla 15.4 de Procedimiento Civil, *infra*, para sustituirlo posteriormente cuando se conociera el verdadero. Ante ello, concluyó que el incluir a los codemandados con nombre desconocido en la *Demanda* original tuvo el efecto de interrumpir la prescripción contra Mr. Condado. Por lo tanto, la causa de acción en contra de Mr. Condado no estaba prescrita. Al día siguiente el TPI dio por sometida la controversia.

El 9 de enero de 2025 el foro de instancia notificó una *Resolución* en la cual declaró No Ha Lugar la *Moción Solicitando Sentencia Sumaria Parcial por Prescripción* presentada el 3 de octubre de 2024 Mr. Condado. En el aludido dictamen, el TPI razonó que la parte recurrida advino en conocimiento de su reclamación en contra de Mr. Condado por ser el dueño del edificio y encontrarse realizando trabajos de construcción en el área para la fecha de los hechos mediante la *Demanda contra Terceros* del 29 de julio de 2022. Entonces, a tenor con la teoría cognoscitiva del daño, era a partir de esa fecha que comenzaba a transcurrir el año para enmendar la

*Demanda* e incluir a Mr. Condado como parte codemandada. Por consiguiente, al incluir a Mr. Condado en el pleito mediante *Demanda* enmendada el 21 de febrero de 2023, ni la *Demanda contra Terceros* ni la *Demanda* enmendada estaban prescritas.

También el 9 de enero de 2025, el foro recurrido emitió una segunda *Resolución* declarando No Ha Lugar la *Moción de Sentencia Sumaria a Tenor Con La Regla 36.3 de Procedimiento Civil* presentada el 2 de octubre de 2024 por Viejo Construction y One Alliance. Similar a la determinación anterior, el TPI concluyó que la causa de acción instada en contra de las partes antes mencionadas tampoco estaba prescrita. En específico, determinó que la reclamación en contra de Viejo Construction y One Alliance fue oportuna al ser incluidas como partes demandadas el 7 de septiembre de 2023, pues la parte recurrida advino en conocimiento de la responsabilidad de estas el 25 de abril de 2023, cuando se informó mediante la contestación al interrogatorio cursado a Mr. Condado que era la contratista y aseguradora de la obra, respectivamente.

Inconformes con esta última *Resolución,* el 5 de febrero de 2025 Viejo Construction y One Alliance presentaron un recurso de *certiorari,* al cual se le asignó el alfanumérico KLCE202500114, donde señalaron la comisión de los siguientes errores:

> ERRÓ EL TPI AL NO INTERPRETAR CORRECTAMENTE LA JURISPRUDENCIA APLICABLE SOBRE LA PRESCRIPCIÓN ESTABLECIDA POR NUESTRO MÁS ALTO FORO EN <u>FRAGUADA V. AUXILIO MUTUO,</u> 186 DPR 365 Y <u>ADRIA MALDONADO RIVERA V. CARLOS SUAREZ,</u> 195 DPR 182.

> ERRÓ EL TPI AL APLICAR INCORRECTAMENTE LA TEORÍA COGNOSCITIVA DEL DAÑO, CONTRARIO A LA JURISPRUDENCIA APLICABLE EN <u>FRAGUADA V. AUXILIO MUTUO,</u> 186 DPR 365 Y <u>ADRIA MALDONADO RIVERA V. CARLOS SUAREZ,</u> 195 DPR 182.

Similarmente, el 10 de febrero de 2025 Mr. Condado presentó un recurso de *certiorari* en el cual identificó los siguientes errores:

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LA PARTE DEMANDANTE ADVINO EN CONOCIMIENTO DE SU

RECLAMACIÓN EN CONTRA DE MR CONDADO OPPORTUNITY ZONE FUND LLC CUANDO SE PRESENTÓ LA DEMANDA CONTRA TERCERO.

ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LA CAUSA DE ACCIÓN DE LA PARTE DEMANDANTE EN CONTRA DE MR CONDADO OPPORTUNITY ZONE FUND LLC NO ESTÁ PRESCRITA.

Este último recurso fue consolidado con el KLCE202500114 mediante *Resolución* del 13 de febrero de 2025. Luego, el 5 de marzo de 2025, la parte recurrida compareció mediante *Alegato en Oposición.*

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II. Exposición de derecho

a.

El propósito de las Reglas de Procedimiento Civil es proveer a las partes que acuden a un tribunal una "solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R.1; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Rodríguez Méndez et al. v. Laser Eye,* 195 DPR 769, 785 (2016), *Oriental Bank v. Perapi et al.*, 192 DPR 7, 25 (2014). La sentencia sumaria hace viable este objetivo al ser un mecanismo procesal que le permite al tribunal dictar sentencia sobre la totalidad de una reclamación, o cualquier controversia comprendida en ésta, sin la necesidad de celebrar una vista evidenciaria. J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1era ed., Colombia, 2012, pág. 218.

Procede dictar sentencia sumaria si "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia si las hubiere, acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y material". *González Santiago v. Baxter Healthcare,* supra, pág. 291*; Roldan Flores v. M. Cuebas et al.,* 199 DPR 664, 676 (2018); *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 225 (2015), *SLG Zapata-Rivera v. J. F. Montalvo*, 189 DPR 414, 430 (2013). A su vez se recomienda, en

aquellos casos en que el tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012). Por el contrario, "no es aconsejable utilizar la moción de sentencia sumaria en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor credibilidad es esencial y está en disputa". *Ramos Pérez v. Univisión*, 178 DPR 200, 219 (2010).

Así, la sentencia sumaria "vela adecuadamente por el balance entre el derecho de todo litigante a tener su día en corte y la disposición justa rápida y económica de los litigios civiles". *Íd.*, a la pág. 220. Por lo tanto, el principio rector que debe guiar al juez de instancia en la determinación sobre si procede o no la sentencia sumaria es "el sabio discernimiento", ya que si se utiliza de manera inadecuada puede prestarse para privar a un litigante de su día en corte, lo que sería una violación a su debido proceso de ley. *Mun. de Añasco v. ASES et al.*, 188 DPR 307, 327-328 (2013); *Cruz Marcano v. Sánchez Tarazona*, 172 DPR 526, 549-550 (2007); *ELA v. Cole*, 164 DPR 608, 627 (2005); *Roig Com. Bank v. Rosario Cirino*, 126 DPR 613, 617 (1990). Ello, pues la mera existencia de "una controversia de hecho es suficiente para derrotar una moción de sentencia sumaria solo cuando causa en el tribunal una duda real y sustancial sobre algún hecho relevante y pertinente". *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 756 (2012). Se considera un hecho material y pertinente, aquél que puede afectar el resultado de la reclamación acorde al derecho sustantivo aplicable. *Íd.*; *Ramos Pérez v. Univisión*, supra, pág. 213.

Por otra parte, es esencial reconocer que la Regla 36.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, establece de manera específica los requisitos de forma con los que debe cumplir la parte que promueve la moción de sentencia sumaria, así como la parte que se opone a ella.[1] En lo

---

[1] La Regla 36.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, requiere que una moción de sentencia sumaria contenga: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o

pertinente, la parte promovente debe exponer un listado de hechos no controvertidos, desglosándolos en párrafos debidamente numerados y, para cada uno de ellos, especificar la página o el párrafo de la declaración jurada u otra prueba admisible que lo apoya. 32 LPRA Ap. V, R. 36.3(a)(4).

A su vez, la parte que se opone a la moción de sentencia sumaria está obligada a citar específicamente los párrafos según enumerados por el promovente que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. 32 LPRA Ap. V, R. 36.3(b)(2); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015). (Énfasis provisto). La parte que se opone no puede descansar exclusivamente en sus alegaciones ni tomar una actitud pasiva. *Toro Avilés v. P.R. Telephone Co.*, 177 DPR 369, 383 (2009). Por el contrario, tiene que controvertir la prueba presentada por la parte solicitante, a fin de demostrar que sí existe controversia real sustancial sobre los hechos materiales del caso en cuestión. *González Aristud v. Hosp. Pavía*, 168 DPR 127, 138 (2006).

Si el promovente de la moción de sentencia sumaria no cumple con los requisitos de forma el tribunal no está obligado a considerarla. *SLG Zapata-Rivera v. J. F. Montalvo,* supra, pág. 433. Así pues, "el método recién implantado coloca sobre las partes, quienes conocen de primera mano sus

---

parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación en los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. Por su parte, la contestación deberá cumplir con lo indicado en los números 1 al 3. *Íd.* Además, deberá incluir una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; una enumeración de los hechos que no están en controversia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal, y las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable. 32 LPRA Ap. V, R. 36.3.

respectivas posiciones, así como la evidencia disponible en el caso, el deber de identificar cada uno de los hechos que estiman relevantes, al igual que la prueba admisible que los sostiene". *SLG Zapata-Rivera v. J. F. Montalvo*, supra, págs. 433-434. Además, se facilita el proceso adjudicativo al colocar al foro juzgador en posición de evaluar conjuntamente las versiones encontradas para cada hecho refutado a la luz de las referencias a la prueba que alegadamente los apoya. *Íd*, pág. 434. Este sistema agiliza la labor judicial y propende la disposición expedita de aquellas disputas que no necesitan de un juicio para su adjudicación. *Íd.*

A su vez, la aludida Regla 36, *supra*, "le exige a la parte oponente examinar cada uno de los hechos consignados en la solicitud de sentencia sumaria y, para todos aquellos que considere que existe controversia, identificar el número del párrafo correspondiente y plasmar su versión contrapuesta fundamentada en evidencia admisible". *Íd.* Por lo cual, resaltamos que "[l]a numeración no es un mero formalismo, ni constituye un simple requisito mecánico sin sentido. Por el contrario, tiene un propósito laudable, por lo que su relevancia es indiscutible y queda claramente evidenciada luego de una interpretación integral de las enmiendas acogidas en el 2009". *Íd.*

b.

En el caso de revisar sentencias del TPI dictadas mediante el mecanismo de sentencia sumaria, o resolución que deniega su aplicación, este Tribunal de Apelaciones se encuentra en la misma posición que el tribunal inferior para evaluar su procedencia. *Meléndez González et al. v. M. Cuebas*, supra, pág. 115. Los criterios a seguir por este foro intermedio al atender la revisión de una sentencia sumaria dictada por el foro primario son:

1. examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;
2. revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;

3. revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y;

4. de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldan Flores v. M. Cuebas*, supra, pág. 679.

Además, al revisar la determinación del TPI respecto a una sentencia sumaria, estamos limitados de dos maneras; (1) solo podemos considerar los documentos que se presentaron ante el foro de primera instancia, y (2) solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. *Meléndez González, et al. v. M. Cuebas*, supra, pág. 114. El primer punto se enfoca en que las partes que recurren a un foro apelativo no pueden litigar asuntos que no fueron traídos a la atención del foro de instancia. *Íd.* Mientras que el segundo limita la facultad del foro apelativo a revisar si en el caso ante su consideración existen controversias reales en cuanto a los hechos materiales, pero no puede adjudicarlos. *Íd.*, pág. 115. También, se ha aclarado que al foro apelativo le es vedado adjudicar los hechos materiales esenciales en disputa, porque dicha tarea le corresponde al foro de primera instancia. *Vera v. Bravo*, 161 DPR 308, 335 (2004).

c.

La prescripción extintiva es una figura jurídica regulada en el Artículo 1189 del Código Civil de Puerto Rico, el cual dispone que "es una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo. Las acciones prescriben por el mero lapso del tiempo fijado por ley". 31 LPRA sec. 9481. A su vez, el Tribunal Supremo ha expresado que es una institución de derecho sustantivo, más no procesal, que extingue el derecho a ejercer determinada causa de acción. Véase *Meléndez Lebrón v. Rodríguez Casiano*, 203 DPR 885, 892 (2019) (Sentencia); *Rivera Ruiz v. Mun. de Ponce*, 196 DPR 410, 415 (2016).

Para evitar el efecto que tiene la prescripción sobre el derecho para ejercer una causa de acción, nuestro ordenamiento civil reconoce tres formas de interrumpir el transcurso del término, a saber:

> (a) mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja; (b) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor; o (c) por el reconocimiento de la obligación por el deudor.

> Producida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo prescriptivo. Artículo 1197 del Código Civil de Puerto Rico, 31 LPRA sec. 9489.

Así pues, salvo que se produzca la interrupción mediante alguna de las formas indicadas, el término prescriptivo para una acción en daños y perjuicios es de un (1) año, conforme al Artículo 1204 del Código Civil, 31 LPRA sec. 9496. Sin embargo, para casos de reclamaciones extracontractuales, se ha reconocido la teoría cognoscitiva del daño para determinar el momento en que comienza a decursar el término aludido. Conforme a ésta, el término prescriptivo comienza a transcurrir una vez el perjudicado conoció, o debió conocer, que sufrió un daño, quién se lo causó, así como los elementos necesarios para ejercitar efectivamente su causa de acción. *Maldonado Rivera v. Suarez,* 195 DPR 182, 194 (2016); *COSSEC et al. v. González López et al.*, 179 DPR 793, 806 (2010).

En el caso de que existan varias personas que causaron daños por actos independientes de culpa o negligencia, la responsabilidad frente al perjudicado es solidaria sin perjuicio del derecho de nivelación entre los cocausantes. Artículo 1539 del Código Civil de Puerto Rico, 31 LPRA sec. 10804. Ahora bien, desde el caso de *Fraguada v. Hosp. Aux. Mutuo*, 186 DPR 365 (2012), el Tribunal Supremo de Puerto Rico había acogido la doctrina de la solidaridad impropia u obligación *in solidum* en cuanto a la interrupción de la prescripción de acciones sobre daños y perjuicios cuando concurren una pluralidad de causantes. Sobre este particular, concluyó que, si un perjudicado desea conservar su causa de acción contra cada uno de los cocausantes del daño, deberá interrumpir el término prescriptivo con

respecto a cada cocausante individualmente. De este modo, "la presentación oportuna de una demanda contra un presunto cocausante no interrumpe el término prescriptivo contra el resto de los alegados cocausantes, porque tal efecto secundario de la solidaridad no obra en la obligación *in solidum*". *Fraguada v. Hosp. Aux. Mutuo, supra,* pág. 389.

Así, para fines de prescripción de la acción, cuando concurren dos o más sujetos en la producción de determinado daño, la solidaridad que los vincula es una *impropia,* por lo que la interrupción del plazo correspondiente frente a un cocausante, no opera respecto a los demás ***que sean conocidos por el demandante***. En consecuencia, el perjudicado está obligado a interrumpir el término prescriptivo de un año de la causa de acción frente a cada uno de los presuntos cocausantes conocidos. *Maldonado Rivera v. Suárez,* supra, pág. 211. A esos efectos, la prescripción extintiva acarrea la desestimación de cualquier acción que sea presentada fuera del término previsto para ello. *Maldonado v. Russe,* 153 DPR 342, 347 (2001).

Acorde con lo anterior, nuestro Tribunal Supremo estableció lo siguiente:

> Si la reclamación del perjudicado contra determinado cocausante está prescrita, ninguno de los cocausantes demandados a tiempo puede traerlo al pleito para que le responda al perjudicado. Al estar prescrita a su favor la causa de acción, ese cocausante no está sujeto a responderle al perjudicado. Asimismo, los cocausantes demandados tampoco pueden, mediante demanda contra tercero, presentar en su contra una acción de nivelación contingente, pues al extinguirse el derecho del perjudicado a exigir responsabilidad de ese cocausante, cesa la obligación para los demás cocausantes de responder por la parte de aquel en el daño. *Maldonado Rivera v. Suárez,* supra, pág. 209.

Más aún, esa misma decisión establece lo siguiente:

> Un cocausante demandado no puede traer al pleito mediante demanda contra tercero a un presunto cocausante solidario con respecto a quien la causa de acción del perjudicado prescribió. Prescrita a su favor la causa de acción, ese alegado cocausante no está sujeto a responderle al perjudicado, ni tampoco mediante una acción de nivelación, a los cocausantes demandados. La prescripción constituye la forma de extinción de un derecho debido a la inercia en ejercerlo por su titular, durante un tiempo determinado. *Maldonado Rivera v. Suárez,* supra, págs. 211-212.

Finalmente, el Tribunal Supremo adjudicó que:

> Si después de celebrado el juicio el tribunal concluyera que el presunto cocausante que no fue demandado a tiempo en efecto contribuyó a producir el daño, el por ciento de responsabilidad que se le atribuya se descontará de la indemnización del perjudicado. Ello, ya que fue su propia falta de diligencia —al no interrumpir el término prescriptivo cuando estaba en posición de hacerlo— lo que provocó que perdiera el derecho a reclamar ese por ciento de responsabilidad. *Maldonado Rivera v. Suárez*, supra, pág. 212.

d.

En lo concerniente al demandado desconocido, la Regla 15.4 de Procedimiento Civil, 32 LPRA. Ap. V R. 15.4, dicta que:

> [c]uando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda exponiendo la reclamación específica que alega tener contra dicha parte demandada. En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación procedimiento.

Dicha Regla constituye una excepción a la norma general que requiere designar a la persona demandada por su nombre correcto y hacer la notificación personalmente. *Núñez González v. Jiménez Miranda*, 122 DPR 134, 139 (1988). Por lo tanto, debe utilizarse solo en aquellas ocasiones en las cuales se conoce la identidad de la persona a quien se va a demandar, pero se desconoce el nombre de esa persona natural o jurídica. *Padín v. Cía. Fom. Ind.*, 150 DPR 403, 417 (2000).

En *Ortiz v. Gobierno Mun. de Ponce*, 94 DPR 472, 478 (1967) nuestro Tribunal Supremo manifestó que ¨cuando en la demanda se intenta alegar una causa de acción contra el demandado a quien se designa con un nombre ficticio y su verdadero nombre se descubre posteriormente, haciéndose la correspondiente sustitución mediante enmienda, se le considera como una parte en el pleito desde la interposición de la demanda original, y es ésa la fecha a considerar para determinar cualquier planteamiento sobre prescripción extintiva¨.

Pese a ello, es necesario recalcar que dicha Regla aplica a demandados de nombre desconocido, no a demandados desconocidos. Es decir, se trata de un demandado desconocido cuando hay una persona que tiene o puede tener un derecho y se interesa demandarla, pero se desconoce quién es. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho procesal Civil*, 4ta ed., San Juan, Puerto Rico, Lexis Nexis de Puerto Rico, 2007, sec. 2010, pág. 201. Existe una distinción entre *nombre e identidad,* y aunque la diferencia parezca sutil, no lo es.

La diferencia estriba en que si el demandante no conoce la identidad del demandado no puede valerse del beneficio de esta regla que consiste en interrumpir el término prescriptivo en cuanto al demandado de nombre desconocido. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 1ra ed., San Juan, Puerto Rico, JTS, 2000, T. I, Regla 15.4, pág. 364. Por lo tanto, para que un demandado desconocido se considere parte del pleito, es necesario que luego de que el demandante conozca su identidad lo emplace conforme a la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V., R. 4.

Por su parte, la Regla 13.3 de Procedimiento Civil, 32 LPRA Ap. V., R. 13.3, establece que las enmiendas para sustituir una parte contra la cual se reclama, tendrán el efecto de retrotraerse a la fecha de la alegación original si dentro del término prescriptivo, la parte que se trae mediante la sustitución: (1) conoció de la causa de acción pendiente, de manera que no resulta impedida de defenderse en los méritos, y (2) de no haber sido por un error en cuanto a la identidad del (de la) verdadero(a) responsable, la acción hubiera sido instituida originalmente en su contra.

**III. Aplicación del derecho a los hechos**

a.

La Regla 52.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R.52.1, nos autoriza a expedir el auto de *certiorari* cuando se recurra de una denegatoria de moción de carácter dispositivo. Precisamente nos encontramos ante la

denegatoria de una moción de sentencia sumaria, *ergo,* de carácter dispositivo, por lo que estamos habilitados para intervenir en el asunto.

b.

Ante dos *Resoluciones* denegatorias de peticiones de sentencia sumaria al amparo de la Regla 36 de Procedimiento Civil, *supra*, procedemos a evaluar el asunto conforme a los estándares de revisión dispuestos en *Meléndez González et al. v. M. Cuebas,* supra. En consonancia, primero revisaremos si tanto las mociones de sentencia sumaria, como los escritos en oposición a estas, cumplieron con los requisitos de forma que la Regla mencionada exige.

Hecho este ejercicio, determinamos que la petición de sentencia sumaria de Mr. Condado cumplió sustancialmente con los requisitos delineados por la Regla 36.3 (a) de Procedimiento Civil, *supra.* Es decir, expuso un listado de hechos no controvertidos, desglosándolos en párrafos debidamente numerados y especificó, para los hechos medulares, la página exacta de la prueba documental en que se apoyaba.

Similarmente, la moción de sentencia sumaria presentada por Viejo Construction y One Alliance cumplió en su mayoría con la Regla 36.3 (a) de Procedimiento Civil, *supra.* No obstante, no enumeró adecuadamente los hechos que entendió incontrovertidos. A pesar de que solicitó que tomáramos conocimiento judicial del expediente, dejó de indicar los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecían esos hechos.

Por otra parte, evaluamos que la oposición de la parte recurrida a la petición de sentencia sumaria de Mr. Condado no mostró un riguroso apego a los requisitos de forma que exige la Regla 36.3 (b). Lo anterior, en tanto no se procedió a controvertir los hechos propuestos por la parte promovente mediante una relación organizada, con referencia específica a los párrafos que para esos propósitos fueron enumerados por esta, aunque sí cumplió

con dicha Regla al oponerse a la petición de Viejo Construction y One Alliance.

Además, en ambas oposiciones, la parte recurrida presentó otros ¨trámites procesales sobre los cuales no hay controversia¨. En el caso, de la oposición a la petición de sentencia sumaria de Viejo Construction y One Alliance incluyó hechos medulares a su causa de acción por daños y perjuicios extracontractuales que deben ser probados, sin indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecieron los mismos. Al oponerse a la petición de sentencia sumaria de Mr. Condado no indicó los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecían esos hechos, sino que se limitó a incluir el número de la entrada de SUMAC.

A pesar de ello, este foro intermedio conserva discreción para sopesar la impugnación que se lleve a cabo mediante una oposición a solicitud de sentencia sumaria imperfecta. Tal discreción surge de la lectura integral de la Regla 36, *supra*, y según expresado por el alto foro al indicar que, *si la parte opositora no cumple con los requisitos, el tribunal **puede** dictar Sentencia Sumaria a favor de la parte promovente, **si procede en derecho**. Meléndez González v. M. Cuebas*, 193 DPR 100, 111 (2015). Es decir, la sentencia sumaria, como todo remedio extraordinario, solo se concederá cuando se establezca con claridad la existencia del derecho reclamado. *Jusino et als v. Walgreens*, 155 DPR 560, 578 (2001); *PTZ Properties v. General Accident Insurance Co.*, 136 DPR 881, 911-912 (1994).

En virtud de lo que precede, procedemos a evaluar los planteamientos relacionados a la prescripción esbozados en los respectivos recursos de *certiorari*. Comenzamos por Mr. Condado, quien identifica dos razones para concluir que esta defensa le asiste. Primero, que, a pesar de que los hechos que originaron los alegados daños se remontan al 23 de abril de 2021, el Municipio y Óptima Seguros lo incorporaron como tercero demandado el 29

de julio de 2022. Es decir, había transcurrido un (1) año y tres (3) meses desde la alegada caída, frente al término prescriptivo de un (1) año con el que contaban. Entonces, a tenor con *Maldonado Rivera v. Suárez*, supra, los codemandados Municipio y Óptima Seguros no podían tratar de revivir la reclamación en contra de Mr. Condado mediante una demanda contra tercero.

En segundo lugar, Mr. Condado sostiene que la alegación ¨[a]demás, se incluye como demandados a X, Y y Z, nombres ficticios para identificar toda persona natural y/o jurídica, incluyendo pero no limitado a compañías aseguradoras, que puedan serle responsable al demandante por los daños alegados en la presente demanda¨ no es suficiente para que se entienda que con ello interrumpió el término prescriptivo en cuanto a Mr. Condado. Por último, arguye que no fue hasta el 21 de febrero de 2023, siete meses desde que Mr. Condado fue incluido como tercero demandado, que la parte recurrida enmendó su *Demanda* para incluirlo como parte codemandada y casi dos (2) años de los hechos alegados.

Como contrapartida, los señores Díaz Ortega, Santiago Burgos y la Sociedad Legal de Gananciales compuesta por ellos alegan que, ante la ausencia de un rótulo visible identificando al dueño de la edificación, se vieron imposibilitados de incluir a Mr. Condado en la *Demanda* original. No obstante, arguyen que ejercieron una diligencia razonable al enmendar la *Demanda* el 21 de febrero de 2023, seis (6) meses después de conocer identificar a Mr. Condado como el propietario a través de la *Demanda contra Tercero*. Añadieron que actuaron al amparo de la Regla 15.4 de Procedimiento Civil, *supra*, que les permite incluir demandados ficticios designados como X, Y, y Z y sustituirlos al descubrir su identidad, retrotrayéndose la acción al 22 de abril de 2022.

A tenor con el derecho expuesto anteriormente, en este caso no aplica la Regla 15.4 de Procedimiento Civil, *supra*, puesto que la parte recurrida no individualizó o tampoco proveyó una descripción razonable de Mr.

Condado en la *Demanda* original. Tampoco hizo alegaciones específicas contra Mr. Condado como dueño del edificio, sino que dichas alegaciones fueron dirigidas exclusivamente contra Burrito Social. Consecuentemente, juzgamos que, al momento de presentar la *Demanda* original, Mr. Condado era una demandada de *identidad* desconocida y no una parte de *nombre* desconocido, lo cual tiene consecuencias procesales distintas.

A saber, para que un demandado desconocido se considere parte del pleito, es necesario que luego de que el demandante conozca su identidad lo emplace conforme a la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V., R. 4. Del expediente surge que el 29 de julio de 2022 el Municipio y Óptima Seguros presentó una *Moción bajo la Regla 12.1 de Procedimiento Civil* donde expuso que el 28 de junio del 2022, advinieron en conocimiento por primera vez que la entidad jurídica MR Condado Opportunity Zone Fund, LLC era el propietario del edificio frente a donde ocurrió el accidente descrito en la *Demanda* y que se encontraban realizando remodelaciones del mismo. Por lo cual, entendió que era una parte indispensable que debía ser acumulada como tercero demandado. Ese mismo día el foro primario autorizó la inclusión de Mr. Condado como tercero demandado. También en esa misma fecha, Municipio y Óptima Seguros instaron la *Demanda Contra Terceros* donde incluyó a Mr. Condado. El día 8 de septiembre de 2022 se diligenció el emplazamiento del tercero demandado Mr. Condado. El 27 de octubre de 2022 Mr. Condado contestó la demanda.

Acorde con lo anterior, avalamos la determinación del foro primario respecto a que es a partir del 28 de junio del 2022 que comenzó a transcurrir el término prescriptivo de un año que tenía el Municipio y Óptima Seguros para instar la reclamación contra Mr. Condado. Entonces, al presentar la *Demanda contra Tercero* el 29 de julio de 2022 y diligenciar el emplazamiento el 8 de septiembre de 2022, la acción no estaba prescrita. Consecuentemente, al enterarse por primera vez el 29 de julio de 2022, mediante la aludida *Demanda contra Tercero*, de la identidad de Mr.

Condado e incluirlo como parte codemandada el 21 de febrero de 2023, siete (7) meses después, la *Segunda Demanda Enmendada* también fue oportuna. En fin, este caso no se trata de revivir la reclamación prescrita en contravención de lo resuelto en *Maldonado Rivera v. Suárez, et al.*, supra, habida cuenta de que, según la teoría cognoscitiva del daño, el término de un (1) año comenzó a transcurrir una vez los terceros demandantes y los demandantes, respectivamente, conocieron quién causó el daño, para así ejercitar efectivamente sus causas de acción.

Por su parte, Viejo Construction y One Alliance arguyen que para la fecha en que la parte recurrida entabló una causa de acción en su contra mediante la *Segunda Demanda Enmendada*, habían transcurrido dos (2) años y cinco (5) meses desde la fecha de la alegada caída. Por tanto, expuso que si se aplicaban los casos *Fraguada v. Auxilio Mutuo*, supra, y *Adria Maldonado v. Carlos Suárez*, supra, la causa de acción instada en su contra estaba prescrita. Agregó que si la parte recurrida hubiese empleado todos los medios razonables y accesibles de descubrimiento de prueba pudo haber llegado a la conclusión de quiénes le eran responsables.

En contraste, la parte recurrida aduce que, en este caso, el TPI armonizó la teoría cognoscitiva del daño con *Fraguada v. Auxilio Mutuo*, supra, y *Adria Maldonado v. Carlos Suárez*, supra, al determinar que el término prescriptivo de un (1) año comenzó a decursar el 25 de abril de 2023, cuando fue revelada la identidad de Viejo Construction y One Alliance mediante el interrogatorio dirigido a Mr. Condado por el Municipio. A su vez, adujo que la ausencia de permisos visibles o rótulos que identificaran la obra conforme a las exigencias de la Ley Núm. 161 de 2009, 23 LPRA sec. 9019h, y el Reglamento 9473 de 2023 imposibilitó advenir en conocimiento de la identidad de Viejo Construction como contratista de la obra y One Alliance como su aseguradora. Así pues, concluyó que estos precedentes no exigían que los demandantes advinieran en conocimiento de la identidad de los cocausantes de un daño antes de obtener la evidencia concreta.

Evaluadas las posturas de las partes, precisamos que, al momento de presentarse la *Segunda Demanda Enmendada*, 7 de septiembre de 2023, la causa de acción en contra de Viejo Construction y One Alliance no había prescrito, en vista de que la parte recurrida advino en conocimiento de la identidad de estos el 25 de abril de 2023, cuando se informó mediante la contestación al interrogatorio cursado a Mr. Condado. Entonces, al entablar la *Segunda Demanda Enmendada* a los seis meses, la parte recurrida empleó una diligencia razonable.

De otra parte, coincidimos con las determinaciones de hechos no controvertidos esbozadas por el foro *a quo* en ambas *Resoluciones*. En conclusión, resolvemos que el TPI actuó correctamente al declarar No Ha Lugar la *Moción de Sentencia Sumaria a Tenor con la Regla 36.3 de Procedimiento Civil* de Viejo Construction y One Alliance, así como la *Moción Solicitando Sentencia Sumaria Parcial por Prescripción* de Mr. Condado.

## IV. Parte dispositiva

Por los fundamentos que anteceden, los que se hacen formar parte de este dictamen, expedimos el recurso de *certiorari* y confirmamos la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones